## UNION SAVINGS & LOAN CO v KUPETZ, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10735. Decided June 16, 1929

Suggs Garber, Cleveland, for Savings & Loan Co.

Wm. J. Corrigan, Cleveland, for Kupetz, et.

**SULLIVAN, J.**

It is argued that the memoranda in pen and ink upon the envelope of the escrow order, executed by Keller and the Kupetz' in addition to the agreement above quoted, made Dec. 3, 1925, constitutes an assumption of the indebtedness which would include the amount due on the deficiency judgment, but an examination of the memoranda referred to fails to disclose any obligation assumed by the defendants to pay the mortgage indebtedness. It is indefinite, uncertain, ambiguous and vague and an obligation of assumption does not arise from this memoranda.

When we come to examine the other document of Dec. 3, 1925 as above quoted, we must consider it in connection with the fact that in the foreclosure proceedings the Kupetz' were not made parties defendant and while it may not be mandatory under the statute that in the foreclosure proceedings the Kupetz' be made parties defendant, yet it clearly appears that as parties in interest they were entitled to service of process because of their right as purchasers to subrogation and that this was a substantial right there can be no question because had they been made parties defendant it may be that there would not have been a deficiency judgment because of possible and probable action on their part so to control the foreclosure proceedings and sale that there would be no deficiency judgment against them or at least that it would not be in the amount sued for in the instant case.

Again, we do not see any consideration passing from the Kupetz' to the plaintiff in error by reason of the writing of Dec. 3, 1925. It seems to be more in the nature of an advice that the Kupetz' had purchased the property and considered it advisable to notify plaintiff in error of the transaction and that seems to be the extent to which they obligated themselves in this particular document. At that time they were under no obligation to the plaintiff in error and plaintiff in error was under no obligation to them and we think that under the circumstances appearing in the record, and especially because the Kupetz' were not made defendants in the foreclosure suit that a reasonable construction of the writing does not go to the extent which, under all the evidence in the record, and the peculiar circumstances surrounding the transaction, makes the Kupetz' liable for the deficiency judgment which arose from the foreclosure proceedings to which they were not a party.

As to the right of defendants to process in the foreclosure suit, we cite Pomeroy's Code Remedies, 1929, Paragraph 231, page 369.

We think that this doctrine laid down by Pomeroy is distinctly applicable and controlling in the case at bar and our holding is that the judgment of the Municipal Court be and the same is hereby affirmed.

Vickery, PJ, and Levine, J, concur.